**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-20214**
**Summary Calendar**

_____

**ALFRED E. DAWSON,**

**Plaintiff-Appellant,**

**versus**

**THE CITY OF HOUSTON,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(H-96-CV-3943)**

_____

**January 13, 1999**

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Alfred Dawson, *pro se*, appeals the adverse summary judgment in his Tile VII action against the City of Houston.

We review a district court's grant of summary judgment *de novo*, applying the same standard as the district court. *E.g.*, **OHM Remediation Services v. Evans Cooperage Co., Inc.**, 116 F.3d 1574, 1579 (5th Cir. 1997). Summary judgment is appropriate where "there is no genuine issue of material fact and ... the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dawson claims that he was excluded from job advancements because of his race; that he was discharged (during his probationary period) because of his race; and that the City intentionally inflicted emotional distress upon him. Pursuant to our *de novo* review of the record and review of the briefs, summary judgment is proper for essentially the reasons stated by the district court. *See **Dawson v. City of Houston***, No. H-96-3943, slip op. (S.D.Tex. Feb. 2, 1998).

***AFFIRMED***